

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by: court judgment
Sam F. Patten v. Concho Co.
District Court, Concho Co.
No. 9581

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-4558
Re: Validity of time warrants
issued by Commissioners'
Court of Hunt County under
facts stated.

We have received your letter of June 6, 1942, and have carefully considered the facts set out therein and the question propounded by you.

The facts as given by you in such letter are as follows:

The Commissioners' Court of Hunt County, Texas, on August 2, 1937, purchased certain road machinery from Adams Machine Company and in payment therefor issued five time warrants each in the amount of $1360.00, the first being due May 15, 1938, and one being due on the same date of each succeeding year until all were paid. The first three warrants were paid. The last two were held for a period of time by a bank and were then purchased by the Commissioners' Court with money belonging to the permanent school fund of the county. These two warrants were later refunded and a new time warrant issued and accepted by the bank which then paid the money back to the permanent school fund. The bank is now holder of such time warrants in the amount of $2720.00, same being due May 15, 1943.

No advertisement for bids appears on the minutes of the Commissioners' Court and no bids submitted appear on such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

minutes. The machinery was purchased at a reasonable price and the county has received full benefit from its use.

It is assumed from the contents of your letter that at the time of the purchase of the machinery and issuance of time warrants in payment therefor the Commissioners' Court had no present intention to pay for said machinery out of current funds, and that no provision was made for levying and collecting a sufficient tax to pay the interest on the warrants and provide a sinking fund for their retirement.

Upon this state of facts you have raised the question of the validity of such time warrant in the amount of $2720.00.

Article 11, Section 7 of the Texas Constitution, reads in part as follows:

". . . But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least 2% as a sinking fund . . ."

We refer you to Article 1659 Vernon's Annotated Texas Civil Statutes which reads as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the

time and place for receiving such bids. All
such competitive bids shall be kept on file
by the county auditor as a part of the records
of his office, and shall be subject to inspec-
tion by any one desiring to see them. Copies
of all bids received shall be furnished by the
county auditor to the county judge and to the
commissioners court; and when the bids received
are not satisfactory to the said judge or coun-
ty commissioners, the auditor shall reject said
bids and re-advertise for new bids. In cases
of emergency, purchases not in excess of one
hundred and fifty dollars may be made upon re-
quisition to be approved by the commissioners
court, without advertising for competitive bids."

Article 2368a, Section 2, Vernon's Annotated Texas
Civil Statutes referred to by you in your letter, reads in
part as follows:

"No county acting through its Commissioners'
Court, . . . . shall hereafter make or enter in-
to any contract or agreement for the construc-
tion of any public building, or the prosecution
and completion of any public work requiring or
authorizing any expenditure in excess of Two
Thousand Dollars ($2,000.00), creating or im-
posing an obligation or liability of any nature
or character upon such county, or any subdivi-
sion of such county, . . . . without first sub-
mitting such proposed contract or agreement to
competitive bids. . . ."

Section 7 of Article 2368a sets out the procedure
to be followed in the refunding of indebtednesses and special-
ly provides that "no item of indebtedness, except bonds and
matured coupons thereon, and except items of indebtedness to
be issued under contracts made before this law becomes effec-
tive, shall be funded or refunded except in the manner here-
inafter in this subsection prescribed." Then follows a de-
tailed procedure including the giving of notice of intention
to issue funding bonds, the calling of an election under cer-
tain circumstances, and the holding of such election.

Honorable Eugene Brady, Page 4

It is our opinion that Article 2368a, Section 2, supra, deals only with the construction of public buildings and completion of public works involving expenditure of more than Two Thousand Dollars ($2,000.00) and does not deal with the purchase of road machinery, even though the cost of same be in excess of Two Thousand Dollars ($2,000.00).

This department has repeatedly held that purchase of road machinery by the Commissioners' Court of a county is controlled by Article 1659 and not by Article 2368a. See opinion written by Honorable Joe Sharp, Assistant Attorney General, addressed to Honorable R. C. Tompkins, dated June 12, 1937, and opinion written by Honorable Joe Sharp, Assistant Attorney General, addressed to Honorable Alvin E. Pope, dated September 14, 1937 — Letter Opinions of the Attorney General of Texas. Also see opinion written by Honorable Scott Gaines, Assistant Attorney General, addressed to G. M. Mann, dated December 4, 1931, which deals with the effect of Article 2368a.

The authorities sustain the proposition that a county, subject to the express restrictions imposed by the Constitution and General Laws has the power to issue time warrants in payment for road machinery it is authorized to purchase provided that the applicable regulations relating to the issuance of such warrants be observed.

Under the fact situation presented by you, it is clear that the express provisions of Article 11, Section 7 Texas Constitution, and Article 1659, Vernon's Annotated Texas Civil Statutes were not complied with at the time the original contract of purchase was entered into and time warrants in payment of road machinery purchased were issued. When the Commissioners' Court sought to refund the indebtedness by issuing a new time warrant in the amount of Twenty-Seven Hundred and Twenty Dollars ($2720.00) there was no compliance with the provisions of Article 2368a, Section 7(d).

Wyatt Metal & Boiler Works vs. Fannin County, Texas Civil Appeals, 111 S.W. (2nd) 787 (writ of error dismissed) involved a fact situation in which a contract for steel culverts was let without competitive bidding. Some time later

676

Honorable Eugene Brady, Page 5


and, after culverts were delivered, the Commissioners' Court advertised for bids and accepted the bid of the seller with whom the original contract was made. It was held that inasmuch as there had been no competitive bids in accordance with requirements of Special Road Law of Fannin County and Article 1659, Vernon's Annoteted Texas Civil Statutes, the claim presented by the seller was invalid and could not later be ratified.

The provisions of Article 11, Section 7, of our Constitution and of Article 1659, Vernon's Annotated Texas Civil Statutes are clear and unambiguous and must be followed if a valid contract with the county is to be entered into. Inasmuch as the provisions of Article 11, Section 7 of the Texas Constitution and of Article 1659, were not complied with at the time the original purchase was made, no valid obligation against the county on said contract was created and the time warrants issued in payment for road machinery purchased under said contract were invalid. There having been no compliance with Article 2368a, Section 7(d) at the time of the refunding of the last two warrants, it is the opinion of this Department that such refunding warrant in the amount of Twenty-Seven Hundred and Twenty Dollars ($2720.00) is void and not a valid obligation against Hunt County.

In connection with what we have heretofore said, we feel it proper to state that we express no opinion as to the liability of the county to pay the reasonable value of the road machinery sold and delivered to the county. See Austin Bros. vs. Montague Co., et al, Tex. Com. of App., 10 S.W. (2d) 718; Colonial Trust Co. vs. Hill Co., Tex. Sup. Ct., 294 S.W. 516, 27 S.W. (2d) 144; Wyatt Metal and Boiler Works vs. Fannin Co., supra, and the authorities cited therein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 4, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *Cecil D. Redford*

Cecil D. Redford
Assistant

CDR:ff



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN